**Kathy TERRY, Appellant,**

v.

**Roger TERRY, Appellee.**

No. S–4866.

Supreme Court of Alaska.

May 7, 1993.

Kathy J. Keck and Carol Daniel, Alaska Legal Services Corp., Fairbanks, for appellant.

No appearance for Roger Terry.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

PER CURIAM.

Kathy Terry appeals her child support award of $500.00 per month. For the reasons stated below, we reverse the award and remand for recalculation.

■ The standard of review applicable to a child support award is abuse of discretion. An award will be set aside only if we are "left with a 'definite and firm conviction that a mistake has been made.'" *Richmond v. Richmond*, 779 P.2d 1211, 1216 (Alaska 1989) (quoting *Hunt v. Hunt*, 698 P.2d 1168, 1172 (Alaska 1985)).

■ Ms. Terry contends that the trial court abused its discretion by failing to disclose its calculations in determining the child support award. "Without actual findings or calculations, it is impossible for a party to know whether or not the court may have erred in making a specific factual finding, or may simply have made a math error in its calculations." Ms. Terry contends that the method the court said it was using was correct, but that the calculations were wrong.

The trial court's approach was to average Mr. Terry's income for the past seven years and deduct the average of the taxes actually paid, FICA, and union dues. Beyond this general description, the court does not explain its calculations or detail the exact numbers it used. In its findings of fact, the court states that it "anticipated unemployment benefits to be less because the Alaska extended benefit program is no longer funded." Although the court does not say that it was excluding unemployment benefits altogether, our own calculations indicate that such an exclusion may explain the $500 award.[1]

Regardless of whether prospective exclusion of unemployment benefits is correct under Rule 90.3, this court cannot review a trial court's actions when we cannot determine exactly what the court did. We stated recently that trial courts must make

---

1. In exhibits C and D of her memorandum in support of reconsideration, Ms. Terry calculates the child support obligation as being $655.39 and $703.35 per month respectively. If the same methodology is employed, but the unemployment benefits are excluded, the figures would be $482.69 and $522.68 respectively. The average of these two hypothetical figures is $502.68, close to the $500.00 amount the court reached. Thus as far as we can ascertain, the discrepancy between the court's award of $500 and Ms. Terry's calculations may be due to the court's exclusion of unemployment income.

specific findings under Rule 90.3. *Renfro v. Renfro*, 848 P.2d 830 (Alaska 1993). Findings are meaningless unless the calculations upon which they are based are disclosed. Accordingly, we hold that the trial court abused its discretion in failing to disclose the actual numbers it used to calculate the child support award.

We REVERSE the child support award of $500 and REMAND to the trial court to redetermine the award, setting forth the actual numbers and calculations used to make the determination.